UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                    )
                                    )
                                    )
                                    )
IN RE AOL TIME WARNER, INC.         )    02 MD 1500 (CM)
SECURITIES & "ERISA" LITIGATION     )
                                    )
                                    )
                                    )
                                    )
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/10

## ~~[REDACTED]~~ ORDER ALLOWING CLASS MEMBERS ADDITIONAL TIME TO CASH SECOND DISTRIBUTION CHECKS

This matter came before the Court on the motion of the Minnesota State Board of Investment, Lead Securities Plaintiff, for an order allowing an additional 90 days for the Court-approved settlement administrator to reissue expired checks to eligible members of the Securities Class in payment of their pro rata shares of the second distribution of the Net Settlement Sum and DOJ Funds previously ordered by this Court, and allowing Securities Class members 30 days to cash any such reissued distribution checks.

The Court having considered Lead Securities Plaintiff's written submissions, including the declarations of Bruce H. Cozzi and Dylan J. McFarland, and all of the files, records, and proceedings herein, and there appearing to be good cause to grant the relief requested,

IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions set forth in the Stipulation of Settlement dated as of September 22, 2005, and all such defined terms used in this Order shall have the same meaning.

81668

2.      The Court has exclusive and continuing jurisdiction over all parties to this action, including all members of the Securities Class, over the subject matter of the this action, and over all matters pertaining to the implementation and administration of the Settlement, including distribution of the remaining Net Settlement Sum and DOJ Funds.

3.      Lead Securities Plaintiff's motion to extend the time for Class Members to present checks issued for the second distribution of Net Settlement Sum and DOJ Funds is GRANTED.

4.      Gilardi & Co. LLC ("Gilardi"), under the supervision of Lead Securities Counsel, is authorized for a period of 90 days from the date of this Order to reissue checks to Securities Class members who were entitled to a pro rata share of the second distribution directed by the Court's Order of September 21, 2009 (the "Second Distribution Order") but did not present their checks for payment by the original void date specified by the Second Distribution Order. Gilardi shall mail the reissued checks as soon as practicable after entry of this Order. No second distribution checks shall be issued after the 90-day period without further order of this Court.

5.      All checks reissued within the 90-day period shall be valid for 30 days from the date they are reissued. Any reissued checks that are not presented for payment within that 30-day period shall be null and void, and the funds that would have been used to pay the checks shall be forfeited and remain part of the Net Settlement Sum and DOJ Funds.

6.      The reissued second distribution checks shall be accompanied by a letter, substantially in the form of Exhibit A to this Order, informing each recipient that the check has been reissued, that the check will be valid for only 30 days from the date it was issued, and that the check shall be null and void if not presented for payment within that time.

7.      The existing Reserve Fund of the Net Settlement Sum and reserved DOJ Funds, both retained in accordance with the Second Distribution Order, shall continue to be retained until all disputed claims have been resolved by Gilardi or adjudicated by this Court.

8. Copies of this Order and the form letter enclosing reissued checks shall be posted on the web site www.aoltimewarnersettlement.com, maintained by Gilardi for purposes of this action.

9. The Court shall retain jurisdiction with respect to all matters related to the administration and implementation of the Settlement, specifically including the second distribution of the Net Settlement Sum and DOJ Funds.

10. There is no just reason for delay in the entry of this Order as a final order of the Court; and accordingly, the Clerk of Court shall immediately enter this Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: May 17, 2010

_____
The Honorable Colleen McMahon
U.S. District Court Judge

81668

3