McMahon, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                    )
                                    )
                                    )
                                    )    MDL Docket No. 1500
IN RE AOL TIME WARNER, INC.         )    02 Civ. 5575 (CM)
SECURITIES & "ERISA" LITIGATION     )
                                    )
                                    )
                                    )
                                    )
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/11

[PROPOSED] ORDER DIRECTING THIRD DISTRIBUTION
OF NET SETTLEMENT SUM AND DOJ FUNDS

This matter came before the Court on the motion of the Minnesota State Board of Investment, Lead Securities Plaintiff, for an order granting relief including authorization for (1) a third distribution of the Net Settlement Sum and DOJ Funds; allowance of certain late-submitted claims; and (3) payment of additional reasonable expenses necessarily incurred by Gilardi & Co., LLC ("Gilardi"), the Court-approved settlement administrator in the course of administering the settlement.

The Court having considered Lead Securities Plaintiff's written submissions, including the declaration of Bruce H. Cozzi and all of the files, records, and proceedings herein, and there appearing to be good cause to grant the relief requested,

IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions set forth in the Stipulation of Settlement dated as of September 22, 2005, and all such defined terms used in this Order shall have the same meaning.

93260.1

2. The Court has exclusive and continuing jurisdiction over all parties to this action, including all members of the Securities Class, over the subject matter of the Securities Class Action, and over all matters pertaining to the implementation and administration of the Settlement, including distribution of the remaining Net Settlement Sum and DOJ Funds.

3. Lead Securities Plaintiff's motion for a third distribution of the Net Settlement Sum and DOJ Funds and for payment of additional expenses is GRANTED.

4. All administrative actions taken by Gilardi with respect to administration of the Settlement, including the procedures used to administer claims, decisions to allow or disallow claims, determination of allowed amounts of claims, and submission of reports to tax authorities and payment of income tax liabilities incurred by the Settlement Sum, are approved and adopted.

5. The following amounts shall be disbursed from the remaining Settlement Sum:

   (a) Unpaid fees and related settlement administration expenses of Gilardi in the amount of $177,047, as described in the Declaration of Bruce H. Cozzi;

   (b) All unpaid and future federal and state income tax liabilities arising from investment of the Settlement Sum and DOJ Funds, and all tax-related fees and expenses, which fees and expenses are estimated to be approximately $10,000, as described in the Declaration of Bruce H. Cozzi; and

   (c) All unreimbursed and future escrow agent fees and other incidental expenses incurred in connection with maintenance of the Settlement Fund and DOJ Funds.

6. Gilardi shall reissue second distribution checks in a total amount of $483,319.99 to the 98 Authorized Claimants who requested reissuance of their second distribution checks on or before August 1, 2011.

7. The 67 late claims submitted after August 1, 2009 and on or before August 1, 2011, and determined by Gilardi to state allowable losses under the Plan of Distribution totaling $800,826.23 are hereby allowed, and Gilardi shall accordingly make pro rata first and second distribution payments to these late claimants in the total amount of $53,698.52.

8. $1,066,555.77 of the Settlement Sum shall be retained in the existing Reserve Fund and withheld from distribution to Authorized Claimants for the purpose of paying recently reissued distribution checks and distribution checks to be reissued in response to future requests by Authorized Claimants; paying future settlement administration expenses, estimated future escrow fees, state and federal tax liabilities, tax-related expenses and other incidental expenses expected to accrue to the Settlement Sum and DOJ Funds through completion of the distribution process; correcting any distribution deficiencies; making equitable adjustments regarding claims; and meeting any unforeseen contingencies related to the distribution.

9. $47,419.74 of the DOJ Funds shall be reserved for the purpose of paying recently reissued distribution checks, distribution checks to be reissued in response to future requests by Authorized Claimants, and approved late claims.

10. After payment of the amounts set forth in Paragraphs 5, 6 and 7 of this Order and reservation of the amounts set forth in Paragraphs 8 and 9 of this Order, Gilardi shall distribute, in accordance with the accompanying Declaration of Bruce H. Cozzi, the Plan of Distribution previously approved by the Court, and the terms of this Order, the remaining balances of the Net Settlement Sum and DOJ Funds to Authorized Claimants entitled to receive at least ten dollars ($10.00) as a combined share of the Net Settlement Sum and DOJ Funds. The distribution shall commence as soon as practicable after entry of this Order.

11. Checks sent to Authorized Claimants receiving a third distribution payment shall be accompanied by a letter informing Authorized Claimants that their payments represent their

pro rata share of the distribution of the residual Net Settlement Sum. The checks shall be valid for 90 days from the date they are issued. Checks that are not presented for payment within that time shall be null and void, and the funds that would have paid those checks shall be forfeited and remain part of the Net Settlement Sum and DOJ Funds.

12. Gilardi shall no longer accept or consider any late claims or supporting documentation submitted after August 1, 2011, the date on which Gilardi stopped reviewing late claims.

13. The reserved Settlement Sum and DOJ Funds shall be retained until all disputed claims have been resolved by Gilardi or adjudicated by this Court.

14. Notice of the third distribution of the Net Settlement Sum and DOJ Funds shall be placed on the web site maintained by Gilardi & Co., LLC for purposes of this action (www.aoltimewarnersettlement.com).

15. Neither Gilardi, the parties to the Settlement, Lead Securities Counsel, other counsel of record, Securities Class members, nor any employees or agents thereof shall be liable in damages or any other relief for any acts or omissions in connection with the Settlement or its administration, including without limitation any distribution of the Net Settlement Sum or DOJ Funds.

16. The Court shall retain jurisdiction with respect to all matters related to the administration and implementation of the Settlement, specifically including the third distribution of the Net Settlement Sum and DOJ Funds.

17. There is no just reason for delay in the entry of this Order as a final order of the Court; and accordingly, the Clerk of Court shall immediately enter this Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: 11/28, 2011

_____
The Honorable Colleen McMahon
U.S. District Court Judge