UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/13
```

IN RE AOL TIME WARNER, INC.
SECURITIES & "ERISA" LITIGATION

)
)
) MDL Docket No. 1500
) 02 Civ. 5575 (CM)
)
)
)
)
)

## ~~PROPOSED~~ ORDER DIRECTING FINAL DISBURSEMENT OF NET SETTLEMENT SUM AND DOJ FUNDS

This matter came before the Court on the motion of the Minnesota State Board of Investment, Lead Securities Plaintiff, for an Order authorizing a final disbursement of all residual Net Settlement Sum and DOJ Funds for (1) distribution to certain members of the Securities Class; (2) payment of final banking and tax compliance costs; and (3) payment of reasonable expenses necessarily incurred by Gilardi & Co., LLC ("Gilardi"), the Court-approved settlement administrator in connection with settlement administration.

The Court having considered Lead Securities Plaintiff's written submissions, including the declarations of Bruce H. Cozzi (the "Cozzi Declaration) and Dylan J. McFarland submitted in support of its motion, and all of the files, records, and proceedings herein, and there appearing to be good cause to grant the relief requested,

IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions set forth in the Stipulation of Settlement dated as of September 22, 2005, and all such defined terms used in this Order shall have the same meaning.

2. The Court has exclusive and continuing jurisdiction over all parties to this action, including all members of the Securities Class, over the subject matter of the Securities Class Action, and over all matters pertaining to the implementation and administration of the Settlement, including disbursement of the remaining Net Settlement Sum and DOJ Funds.

3. Lead Securities Plaintiff's motion for a final disbursement of the Net Settlement Sum and DOJ Funds is GRANTED.

4. All administrative actions taken by Gilardi with respect to administration of the Settlement, including the procedures used to administer claims, decisions to allow or disallow claims, determination of allowed amounts of claims, and submission of reports to tax authorities and payment of income tax liabilities incurred by the settlement funds, are approved and adopted.

5. The aggregate residual balance of settlement funds, as of June 5, 2013 consisting of the Net Settlement Sum balance of $761,180.28 and the residual DOJ Funds balance of $69,090.49, in the total amount of $830,270.77, shall be disbursed as follows:

    a. Gilardi shall reissue second distribution checks in a total amount of $112,098.31 to 340 class members who requested reissuance of their second distribution checks on or before the August 1, 2011 deadline previously set by the Court;

    b. Gilardi shall issue third distribution checks in the total amount of $1,839.38 to four class members who mistakenly were not issued third distribution checks;

    c. Gilardi shall make pro rata second and third distribution payments in the aggregate amount of $595,489.89 to 48 class members whose second distribution checks were misdirected;

    d. Gilardi shall reissue third distribution checks totaling $369.46 to six class members who requested reissued checks by June 5, 2013;

    e. Gilardi shall pay all unpaid and future federal and state income tax liabilities arising from investment of the Net Settlement Sum and DOJ Funds, and all tax-related fees and expenses, and all unreimbursed and future escrow agent and other bank fees and other incidental expenses incurred in connection with maintenance of the Net Settlement Sum and DOJ Funds, which taxes, fees and expenses are estimated to be approximately $8,500, as described in the Cozzi Declaration; and

    f. Any funds remaining after payment of the amounts described in (a) through (e) of this Paragraph 5 shall be disbursed to Gilardi in payment of its unpaid fees and related settlement administration expenses, not to exceed the amount of $374,910.00, the balance due as described in the Cozzi Declaration. The amount paid to Gilardi in accordance with this subparagraph (f) shall be in full satisfaction of Gilardi's claim for fees and expenses in this action.

6.     Checks sent to class members shall be accompanied by a letter informing them that their payments represent their pro rata shares of the distribution of the residual Net Settlement Sum and DOJ Funds. The checks shall be valid for 90 days from the date they are issued. Checks not presented for payment within that time shall be null and void, and the funds that would have been used to pay those checks shall be forfeited and remain part of the Net Settlement Sum and DOJ Funds for disbursement to Gilardi in payment of its fees and expenses in accordance with Paragraph 5(f) of this Order.

7.     Gilardi shall diligently follow up with class members who do not promptly cash checks issued pursuant to this Order. These efforts shall include, as appropriate, sending letters

3

to addresses of record, searching for addresses when mail was returned undeliverable, personally contacting class members by telephone or email, and working with institutions and third-party filers to locate beneficial owners who may have changed accounts or are no longer clients with the institution that filed a claim. Gilardi shall keep Lead Securities Counsel fully apprised of any checks that are not promptly cashed and of Gilardi's follow-up efforts.

8. Following disbursement of the settlement funds as set forth in Paragraph 5 of this Order, Gilardi shall provide the Court with a final accounting. Should any settlement funds remain after these disbursements, Lead Securities Plaintiff shall bring an appropriate motion seeking an order for a cy pres award of the remaining funds.

9. Gilardi shall no longer accept any requests for reissuance of settlement distribution checks after June 5, 2013.

10. Notice of the disbursements directed in this Order shall be placed on the settlement web site maintained by Gilardi & Co., LLC for purposes of this action.

11. Neither Gilardi, the parties to the Settlement, Lead Securities Counsel, other counsel of record, Securities Class members, nor any employees or agents thereof shall be liable in damages or any other relief for any acts or omissions in connection with the Settlement or its administration, including without limitation any distribution of the Net Settlement Sum or DOJ Funds.

12. The Court shall retain jurisdiction with respect to all matters related to the administration and implementation of the Settlement, specifically including disbursement of the remaining Net Settlement Sum and DOJ Funds.

13. There is no just reason for delay in the entry of this Order as a final order of the Court; and accordingly, the Clerk of Court shall immediately enter this Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: 14 June, 2013

The Honorable Colleen McMahon
U.S. District Court Judge

5